Debtor: The Aliera Companies Inc.            Case Number: Not Available

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:                                               )
                                                  )
                                                  )    Chapter 11
THE ALIERA COMPANIES INC.,      )
                                                  )    Case No.
                                                  )
        Debtor.[1]                        )
                                                  )

## SCHEDULE A TO
## THE INVOLUNTARY PETITION AGAINST THE ALIERA COMPANIES INC.

This schedule sets forth the names of the petitioners commencing this involuntary case against The Aliera Companies Inc. and the nature and amount of those petitioners' claims against The Aliera Companies Inc.:

| Reference Number | Name of the Petitioner or Petitioners | Nature of the Petitioner's or Petitioners' Claim | Amount of the Petitioner's or Petitioners' Claim above the Value of any Lien |
|---|---|---|---|
| 1 | Austin Willard | Judgment[2] | $16,255.54 |
| 2 | Hanna Albina and Austin Willard, on behalf of all persons who, while a Kentucky resident, purchased or were covered by a plan from The Aliera Companies Inc. and Sharity Ministries, Inc., which purported to be a | Judgment[3] | $4,679,868.46 |

---

[1]    The last four digits of the Debtor's federal taxpayer identification number are 9555. The address of the Debtor's principal office is 990 Hammond Drive, Suite 700, Atlanta, Georgia 30328.

[2]    A copy of this judgment is attached to this schedule as its Exhibit 1.

[3]    A copy of this judgment is attached to this schedule as its Exhibit 1.

|   |   |   |   |
|---|---|---|---|
|   | "health care sharing ministry" |   |   |
| 3 | Gerald and Roslyn Jackson | Judgment[4] | $12,582.00 |
| 4 | Dean Mellom | Judgment[5] | $3,692.00 |
| 5 | Gerald Jackson, Roslyn Jackson, and Dean Mellom, on behalf of all Washington residents who acquired plans from or through The Aliera Companies Inc., Aliera Healthcare, Inc., and Sharity Ministries, Inc. or any of those entities' subsidiaries that purported to be "health care sharing ministry" plans at any time from June 27, 2018 to July 8, 2021 | Judgment[6] | $21,352,827.08 |
| **Sum:** |   |   | **$26,065,225.08** |

---

[4]    A copy of this judgment is attached to this schedule as its Exhibit 2.

[5]    A copy of this judgment is attached to this schedule as its Exhibit 2.

[6]    A copy of this judgment is attached to this schedule as its Exhibit 2.

Debtor: The Aliera Companies Inc.                                         Case Number: Not Available

**<u>Exhibit 1</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| HANNA ALBINA and AUSTIN WILLARD, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ALIERA COMPANIES, INC., TRINITY HEALTHSHARE, INC., and ONESHARE HEALTH, LLC d/b/a UNITY HEALTHSHARE, LLC,<br><br>Defendants. | Case No.: 5:20-CV-00496-JMH<br><br>***ELECTRONICALLY FILED*** |

**DEFAULT JUDGMENT AGAINST**
**THE ALIERA COMPANIES, INC.**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

It appearing that Defendant the Aliera Companies, Inc., is in default by the failure to appear before the Court by counsel (DE 69), the Clerk having previously noted Aliera's default on the docket by order of the Court (D.E. 70), and seven or more days having elapsed since entry of the default and notice of Plaintiffs' motion for default judgment, without any appearance of Aliera by counsel, the Court having previously certified this matter as a class action pursuant to Fed. R. Civ. P. 23(2) and 23(b)(3) (D.E. 68), the Court having reviewed the motion, memoranda, and evidence submitted by Plaintiffs, the Court now finds as follows.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Aliera Companies, Inc. ("Aliera") entered into contracts with Plaintiffs and various Kentucky residents defined in the class herein to pay medical expenses on the determination of certain contingencies. Pursuant to KRS 304.1-030, those contracts constituted

"insurance" and are therefore subject to the Kentucky insurance code. There is an exception to application of the Kentucky insurance code afforded to certain religious organizations by KRS 304.1-120(7), but that exception does not apply to the plans sold by Aliera because, *inter alia*, Aliera is not a nonprofit religious association, Aliera did not limit the sales of its plans to participants who were members of the same denomination or religion, Aliera did not match specific participants who have financial, physical, or medical needs with participants who choose to assist with those needs, the contractual amounts paid to Aliera were not voluntary, and Aliera and Trinity, through its member guide, did assume specific risks or make specific promises to pay certain medical expenses that were not discretionary with Aliera and/or Trinity.

2. Aliera held itself out as providing health care sharing ministry ("HCSM") products of Trinity HealthShare, Inc. ("Trinity") (no known as Sharity Ministries, Inc.), but Trinity did not qualify as an HCSM under United States law, 26 U.S.C. § 5000A(d)(2), because, *inter alia*, Trinity or its predecessors have not been in continuous existence since December 31, 1999, and Trinity did not conduct an annual audit performed by an independent certified public accounting firm at all times during its existence. According to the declaration of Neil Luria, no outside audit was performed for the year 2018 or any year thereafter.

3. Aliera misled the class members into entering contracts for a product that was not what it purported to be and did not comply with applicable federal or state law. Because the products Aliera sold to the class members met the definition of insurance under Kentucky law, it was required to comply with the Kentucky insurance code and it failed to do so, to the damage of the class members.

4. Each Plaintiff or class member at his or her option is entitled to rescind his or her contract with Aliera or reform his or her contract with Aliera so as to comply with applicable

insurance law, including Kentucky law and the law of the United States, which among other things, prohibits the exclusion of pre-existing conditions, prohibits waiting periods for coverage, and prohibits insurers from selectively paying claims to different insured in a different manner. Those Plaintiffs or class members who choose to rescind their contracts with Aliera are entitled to judgment in the amount of all payments made to Aliera for purchase of products sold by Trinity Healthshare, Inc. ("rescission damages"). Those Plaintiffs or class members who choose to reform their contracts with Aliera are entitled to judgment in the amount of all claims submitted to Aliera for payment by Trinity Healthshare, Inc., but not previously paid ("reformation damages").

     5.     The uncontroverted declaration of Neil Luria (D.E. 64-5), the Chief Restructuring Officer of Sharity Ministries Inc. (the company formerly known as Trinity Healthshare, Inc.), is sufficient evidence of both the amount of contract payments made to Aliera for Trinity plans, and the amount of claims submitted to Aliera but unpaid for Trinity plans. Plaintiff Austin Willard made total contractual payments to Aliera and Trinity of $16,038.75. Mr. Willard submitted total medical bills to Aliera and Trinity that have not been paid of $16,255.24. On a classwide basis, the contract payments to Aliera and Trinity by all class members total $2,189,003, and the medical bills submitted to Aliera and Trinity by all class members that have not been paid total $3,112,951.

     6.     Mr. Willard has elected to reform his contract and therefore is entitled to receive judgment of his reformation damages, in an amount of the total medical bills submitted by him to Aliera but unpaid.

     7.     The class members have not yet had the opportunity to elect the measure of damages each will receive. Presumably, each will make the rational decision to elect to receive

the higher of the rescission damages or reformation damages available to him or her on an individual basis. Neil Luria has provided a Second Declaration, dated November 11, 2021, and filed in the record herein on November 12, 2021. Mr. Luria's Second Declaration provides sufficient evidence of the total amount of damages sustained by the class members, based on each class member's presumed election to take the higher amount of damages available to him or her. The aggregate amount of those damages, based on the presumed individual elections, is $4,696,124. The Court finds that this amount represents the total damages of the class known at this time.

## JUDGMENT

IT IS NOW THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

The Court grants default judgment in favor of Austin Willard, against The Aliera Companies, for reformation of his contract with The Aliera Companies in order to comply with applicable insurance laws, in the amount of $16,255.54.

The Court grants default judgment in favor of the class of all persons who, while a Kentucky resident, purchased or were covered by a plan from Aliera and Trinity Healthshare, Inc., that purported to be a "health care sharing ministry." The amount of the judgment is the aggregate rescission damages or reformation damages of the class, presuming each individual class member elects the higher measure of available damages, $4,696,124, less the judgment in favor of Austin Willard, individually, for a total judgment in favor of the absent class members of $4,679,868.46.

This 17th day of November, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

**Exhibit 2**

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD JACKSON, ROSLYN JACKSON, DEAN MELLOM, JON PERRIN AND JULIE PERRIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC., a Delaware corporation; ALIERA HEALTHCARE, INC., a Delaware corporation; TRINITY HEALTHSHARE, INC., a Delaware corporation,<br><br>Defendants. | NO. 2:19-cv-01281-BJR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT OR IN THE ALTERNATIVE TO GRANT PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

THIS MATTER came before the Court on Plaintiffs' Motion for Class Certification. The Court has considered the Plaintiffs' Motion, the Declarations of Eleanor Hamburger, Jon Perrin, Dean Mellom, Roslyn Jackson, Neil F. Luria (both original and supplemental), and all attached Exhibits in Support of Plaintiffs' Motion attached to those declarations, the Declaration of Mailing (Dkt. No. 160) evidencing service of this Court's October 26, 2021 Order (Dkt. No. 159) and Notice of Additional Authorities. No response was received from Defendant Aliera.

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 1
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

The Court has also considered the other pleadings and records on file.

Based upon the foregoing, and having found that Aliera is unrepresented, despite service of the Motion and all documents in support of the motion (original and supplemental) at Aliera's last known place of business, and on the recorded Assignee for Aliera, and despite the allowance of sufficient time for Aliera to retain counsel (Dkt. 150) and respond, the Court hereby:

1. GRANTS Plaintiffs' Motion to Strike Aliera's Answer. The Clerk is hereby ORDERED to strike Aliera's Answer from the record.

2. GRANTS Plaintiffs' Motion for Entry of Default.

3. GRANTS Plaintiffs' Motion for Default Judgment against Aliera. Pursuant to Fed. R. Civ. P. 55(b)(2), the Court enters a default judgment against Defendant Aliera in favor of Roslyn and Gerald Jackson, Dean Mellom, Jon and Julie Perrin, and the Plaintiff Class. Based upon the records and pleadings herein, and as described in the Court's oral ruling (incorporated herein by reference), the Court concludes that Defendant Aliera designed, marketed, and sold the Named Plaintiffs and the Plaintiff Class unauthorized and illegal health insurance. The Court further concludes that Aliera's acts and omissions were also violations of the Washington Consumer Protection Act. The damages suffered as a result of these illegal and fraudulent practices is as follows:

   (a) Roslyn and Gerald Jackson suffered damages in the amount of $12,082.00 in reformation damages;

   (b) Dean Mellom suffered damages in the amount of $3,442.00 in rescission damages;

   (c) Jon and Julie Perrin suffered damages in the amount of $7,107.92 in rescission damages;

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 2
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

(d) the Plaintiff Class suffered damages totaling $20,646,077.08 (excluding the damages assessed to the named plaintiffs), reflecting the greater of either (i) recission damages or (ii) reformation damages for each member of the Class;

(e) the Plaintiffs and Plaintiff Class are also entitled to an additional $250 per class member in damages stemming from Aliera's violation of the Consumer Protection Act;

(f) Accordingly, the total damages, including CPA damages, for Roslyn and Gerald Jackson is $12,582.00; for Dean Mellom is $3,692.00; and for Jon and Julie Perrin, is $7,607.92. The Plaintiff Class, excluding the claims of the named plaintiffs, is awarded $21,352,827.08 ($20,646,077.08 in recission/reformation damages and $706,750 in CPA damages). Judgment shall and hereby is entered in these amounts.

4. Orders that Plaintiffs' counsel may petition for attorney fees and litigation costs pursuant to RCW 19.86.090 and *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

DATED: November 11, 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 3
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

___*s/ Eleanor Hamburger*_____
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Email:  rspoonemore@sylaw.com
            ehamburger@sylaw.com

MYERS & COMPANY, PLLC

___*s/ Michael David Myers*_____
Michael David Myers (WSBA #22486)
Samantha Lin (WSBA #50782)
1530 Eastlake Avenue East
Seattle, WA 98102
Tel. (206) 398-1188; Fax (206) 400-1115
Email:  mmyers@myers-company.com
            slin@myers-company.com

MEHRI & SKALET, PLLC

___*s/ Jay Angoff*_____
Jay Angoff, *Pro Hac Vice*
Cyrus Mehri, *Pro Hac Vice*
1250 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
Tel. (202) 822-5100
Email:  jangoff@findjustice.com
            cmehri@findjustice.com

Attorneys for Plaintiffs

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 4
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246