# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>THE ALIERA COMPANIES, INC.<br>d/b/a Aliera Healthcare, Inc., et al.,<br><br>Debtor. | ) CHAPTER 11<br>)<br>) CASE NO. 21-11548-JTD<br>)<br>)<br>) |

**THE STATE OF TEXAS'S JOINDER TO THE UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHTS CONCERNING MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 501, 502, 503, AND 1111(A), BANKRUPTCY RULES 2002 AND 3003(C)(3), AND LOCAL RULES 1009-2 AND 2002-1(E) (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AGAINST THE DEBTORS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

COMES NOW, the State of Texas, by and through the Texas Attorney General's Office, and files this *Joinder to the United States Trustee's Limited Objection and Reservation of Rights Concerning Motion Of Debtors For Entry Of Order Pursuant To Bankruptcy Code Sections 105(A), 501, 502, 503, And 1111(A), Bankruptcy Rules 2002 And 3003(C)(3), And Local Rules 1009-2 And 2002-1(E) (I) Establishing Bar Dates For Filing Claims Against The Debtors And (II) Approving Form And Manner Of Notice Thereof* ("Joinder"), and in support of its Joinder, states as follows:

## JOINDER

The State of Texas fully joins in the United States Trustee's Limited Objection (DI 234) ("Limited Objection") and incorporates it herein by reference, and in further support states:

1. Aliera's business practices and marketing materials led consumers to believe that Aliera was their health-care insurance provider, and, because this liquidating bankruptcy could forever dispose of any potential claims consumers may have against Aliera, Aliera should be required to

send proper notice to all former customers---including, but not limited to, customers Aliera had before it brought in a Health Care Sharing Ministry, customers that signed up when Aliera utilized a Health Care Sharing Ministry, and any employer-based programs.

2.     Upon Aliera's own admissions, Aliera had customers of its own---separate and apart from any Health Care Sharing Ministry.

3.     Under oath in January 2019, in the Superior Court of Fulton County, State of Georgia, Chase Moses testified in his capacity as Executive Vice President for Aliera Healthcare, and stated that, even before Aliera had a relationship with Unity[1], Aliera was a "multimillion-dollar company" that offered <u>both</u> employer-based healthcare components and individual plans.[2]

4.     In the words of Chase Moses:  "[Aliera was] originally in the employer group market plans that you're used to getting through your employer, that you're use to seeing by Blue Cross Blue Shield, United."[3]

5.     As Aliera grew, it added a Health Care Sharing Ministry ("HCMS") to its plans to offer other components to customers.[4] Chase Moses testified that Unity was a vendor[5] of Aliera's, and that Aliera offered components separate from its Unity's components.[6]

6.     In support of his testimony, the AlieraCare Individual Training Module describes the relationship between Aliera and its HCSM as follows:

> So once against [sic] it's a two-part offering. So [sic] there's the Aliera first-dollar offerings, your first-dollar coverage, where services from day one will be rendered and will be taken care of. And then there is the second-part offering, which the Unity offering, which is hospitalization, surgery, you know, it's meant for more

---

[1] Unity is the first Health Care Sharing Ministry of Aliera's. Unity was followed by Trinity and then by Sharity.
[2] Exhibit A at PDF p. 6, lines 17-25. (Exhibit A is a transcript of Chase Moses's testimony in the Superior Court of Fulton County, State of Georgia).
[3] *Id*. at lines 4-8
[4] *Id*. at PDF page 8, lines 6-13.
[5] *Id*. at PDF page 10, lines 4-6.
[6] *Id*. at PDF page 7, lines 24-25 & PDF page 8, lines 1-5.

catastrophic events, but that -- but that sharing amount will be there for those members.[7]

7. When Aliera decided to change its HCSM from Unity to Trinity, Chase Moses testified that "[a] customer only knows Aliera for the most part. They call Aliera's line, they get service plan Aliera employee, they have Aliera benefits."[8]

8. This testimony proved true at the 341 meeting in the *In re Sharity Ministries, Inc.* 21-11001-JTD (Bankr. D. Del. 2021) (hereinafter, "Sharity Ministries Case"), when customers stated on the record, they thought their insurance was with Aliera—not Sharity,[9] and is supported by the marketing materials used by Aliera to market its products to consumers. [10]

9. Because Aliera's business practices and marketing materials led consumers to believe that Aliera was their health-care insurance provider, and because Aliera admits to having individual and employer-based plans before any HCSM was involved, Aliera should be required to notice all customers with whom Aliera or any of its HCMS, including, Sharity, Trinity, or Unity had a business relationship.  Those consumers may have direct or indirect claims against Aliera pertaining to medical expenses that were never paid and other causes of action sounding in fraud, breach of contract, etc. and this bankruptcy is consumers last opportunity to bring their claims.

## PRAYER

WHEREFORE premise considered, the State of Texas respectfully requests that the United States Trustee's Limited Objection be granted, and for any other relief to which the State of Texas may be entitled.

---

[7] Exhibit B at PDF p. 12, lines 18-25. (Exhibit B is an official transcript of the AlieraCare Individual Training Module).
[8] Exhibit A at PDF p. 9, lines 22-25.
[9] Citation pending receipt of the audio CD. The undersigned attended both 341 meetings and heard the testimony.
[10] Exhibit C. (Exhibit C is a copy of the AliearaCare marketing brochure).

Dated:  June 18, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Abigail R. Ryan*
ABIGAIL R. RYAN
Texas State Bar No.  24035956
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548 MC008
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
abigail.ryan@oag.texas.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on June 18, 2022.

*/s/ Abigail R. Ryan*
ABIGAIL R. RYAN
Assistant Attorney General